**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffery Jay Love,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-16-03267-PHX-DLR<br><br>**ORDER** |

        Plaintiff Jeffery Love appeals the Commissioner of the Social Security Administration's ("Commissioner") denial of his application for Supplemental Security Income ("SSI") benefits. The Court will eschew a lengthy recitation of the administrative proceedings because, in response to Love's opening brief, the Commissioner concedes error and requests that the Court remand this case for further administrative proceedings. The sole disputed issue is whether further proceedings are necessary or whether the Court should remand for an immediate award of benefits.

        When the Commissioner's decision is tainted by legal error or not supported by substantial evidence, the Court has discretion to reverse and remand either for further proceedings or for an award of benefits. 42 U.S.C. § 405(g). With that said, "[a]n automatic award of benefits in a disability case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). In deciding whether to remand for an award of benefits, the Court considers the

following three factors: (1) did the ALJ fail to provide legally sufficient reasons for rejecting evidence, (2) has the record has been fully developed and would further proceedings serve no useful purpose, and (3) is it clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited? *Triechler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014). The Court need not apply this so-called "credit-as-true" rule if evaluation of the record as a whole creates serious doubt that the claimant is, in fact, disabled. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

The Commissioner concedes that the first element is met, but argues that further proceedings are needed so that the ALJ may: (1) "update the evidence of record," (2) "reconsider the medical opinion evidence," (3) "reevaluate the nature and severity of Plaintiff's impairments at step two," (4) "reconsider the reliability of Plaintiff's symptoms allegations," and (5) "reassess Plaintiff's [Residual Functional Capacity ("RFC")]." (Doc. 21 at 4-5.) These tasks do not appear to be outstanding issues, and instead reflect the Commissioner's desire for a redo. But Ninth Circuit "precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose.'" *Garrison*, 759 F.3d at 1021-22 (collecting cases).

The Commissioner also argues that further administrative proceedings are appropriate because Love submitted additional evidence to the Appeals Council showing that he was evaluated for multiple sclerosis in November 2015, after the ALJ's non-disability determination in March of that year. But the Appeals Council considered this evidence and concluded, evidently without substantial rationale or support, that it would not change the outcome of the case. Moreover, as Love points out, although his multiple sclerosis diagnosis post-dated the ALJ's decision, evidence of the symptoms associated with the condition already was present in the record. (*See* AR 448-49, 452, 455.)

Love filed his application for SSI benefits over five years ago in October 2012. The Commissioner admittedly erred in evaluating the medical opinion testimony, yet now

seeks another crack at assessing Love's SSI application.  Having considered the parties' arguments and the cited record evidence, the Court finds that further administrative proceedings would not serve a useful purpose or advance the objectives of the credit-as-true rule.  Accordingly,

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **REVERSED** and this matter is **REMANDED** for an award of benefits.

Dated this 21st day of March, 2018.

Douglas L. Rayes
United States District Judge